UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY A. KEILLOR,

        Plaintiff,                     CIVIL ACTION NO. 15-cv-11762

        v.                           DISTRICT JUDGE AVERN COHN

COMMISSIONER OF            MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Tracy A. Keillor seeks judicial review of Defendant Commissioner of Social Security's determination that she is not entitled to social security benefits for her mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 21) and Defendant's Motion for Summary Judgment (docket no. 23). The motions have been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 5.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

I.        **RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 21) be GRANTED and Defendant's Motion for Summary Judgment (docket no. 23) be DENIED. It is further recommended that this matter be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for a proper assessment of the medical opinions.

## II.   PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance benefits on January 5, 2011 alleging she had been disabled since December 28, 2010[1]. The Social Security Administration denied Plaintiff's claims on August 11, 2011 and Plaintiff requested a *de novo* hearing. (TR 116.) On March 5, 2012, Plaintiff appeared with a representative and testified at the hearing before Administrative Law Judge (ALJ) Jerome B. Blum. (TR 152-171.) In a March 29, 2012 decision, the ALJ found that Plaintiff was not entitled to benefits because she was capable of performing a significant number of jobs in the national economy. (TR 106-118.) Plaintiff appealed her case to the Appeals Council, ("AC") which remanded the case with specific instructions to consider Plaintiff's obesity and its effect on her residual functional capacity ("RFC") and give appropriate weight to the opinion evidence. (TR 32, 119-23). On September 23, 2013, Plaintiff again appeared before ALJ Blum and a vocational expert ("VE") was present. (TR 32, 50-76.) ALJ Blum again issued an unfavorable decision. (TR 29-49.) The Appeals Council declined to review the ALJ's decision (TR 20-25), and Plaintiff commenced this action for judicial review. The parties then filed cross motions for summary judgment, which are currently before the Court.

## III.   HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff (docket no. 21 at 3-8), Defendant (docket no. 23 at 3-12), and the ALJ (TR 32-45) each set out a detailed, factual recitation with regard to Plaintiff's medical record and the hearing testimony. Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record. Therefore, the undersigned will incorporate these factual

---

[1] At her September 25, 2013 hearing, plaintiff amended her alleged onset date to November 18, 2011.

2

recitations by reference. Additionally, the undersigned will include comments and citations to the record as necessary throughout this Report and Recommendation.

## IV. ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date of November 18, 2011, and that Plaintiff suffered from the following severe impairments: bipolar I disorder and dysthymic disorder. (TR 34.) Next, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR 35-37.) The ALJ then found that Plaintiff had the following residual functional capacity (RFC):

> [C]laimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: very little contact with the public and very limited contact with co-workers. Essentially the claimant should work practically in isolation in a low stress environment.

(TR 37.) Subsequently, in reliance on the VE's testimony, the ALJ determined that Plaintiff was capable of performing a significant number of jobs in the national economy. (TR 44.) Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time from November 18, 2011, through the date of the decision. (TR 45.)

## V. LAW AND ANALYSIS

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to

3

support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

### B. Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1) Plaintiff was not presently engaged in substantial gainful employment; and

(2) Plaintiff suffered from a severe impairment; and

  (3)  the impairment met or was medically equal to a "listed impairment;" or

  (4)  Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

  **C.**  **Analysis**

  The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is

5

reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff asserts that this matter should be reversed and/or remanded under sentence four because the ALJ failed to properly weigh the medical evidence and failed to properly evaluate her credibility and her conditions under Listed Impairments. (Docket no. 21 at 10-25.)

### 1. The ALJ's Assessment of the Medical Evidence

First, Plaintiff contends that the ALJ improperly weighed the medical evidence. (Docket no. 21 at 16-23.) In evaluating the medical evidence, ALJ Blum gave little weight to the opinion of Lisa Schmidt, a psychiatric-mental health nurse practitioner and Plaintiff's primary treater and some weight to the opinion of the consulting psychiatrist who examined plaintiff once. (TR 40-41.)

#### a. Lisa Schmidt, PMHNP

Plaintiff argues that the ALJ erred in giving Schmidt's opinions little weight because Schmidt was her long-standing primary treater and her opinions were internally consistent and consistent with those of consulting examiner, Dr. Qadir. (Docket no. 21 at 18-20.) It is well settled that the opinions of treating physicians are generally accorded substantial deference. In fact, the ALJ must give a treating physician's opinion complete deference if it is supported by clinical and laboratory diagnostic evidence and it is not inconsistent with the other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Nevertheless, because Schmidt is a psychiatric-mental health nurse practitioner, her opinions and assessments are not opinions from an acceptable medical source as defined in the regulations. 20 C.F.R. §§ 404.1513, 416.913. Evidence from sources other than "acceptable medical sources," specifically nurse practitioners like Schmidt, may be considered in determining the severity of a

6

claimant's impairment and how it affects the claimant's ability to work. 20 C.F.R. §404.1513(d)(1); *see Smith-Johnson v. Comm'r of Soc. Sec.*, 579 Fed. App'x 426, 435 (6th Cir. 2014). Indeed, the Sixth Circuit has held that nurse practitioner opinions are properly considered under the regulations that require evaluation of every medical opinion "[r]egardless of its source," and that permit "other sources" to be used to determine severity. 20 C.F.R. §§ 404.1513(d), 404.1527(c). *Id.*; *see also, Kaufmann v. Commr. of Soc. Sec.*, 2016 WL 1165399, at *4 (W.D. Mich. Mar. 25, 2016). Nevertheless, the ALJ is not required to accord any "significant" or other weight to the opinion. On the contrary, nurse practitioner opinions are not entitled to any special weight or consideration. *Southward v. Commr. of Soc. Sec.*, 2012 WL 3887439, at *10 (E.D. Mich. May 17, 2012), *report and recommendation adopted*, 2012 WL 3887212 (E.D. Mich. Sept. 7, 2012)(citing *Pendleton v. Astrue*, 2012 WL 1571296, at *6 (E.D.Ky. May 3, 2012); *accord, Taylor v. Comm'r of Soc. Sec.,* 2012 WL 1029299, at *6 (W.D.Mich. Mar.26, 2012). Accordingly, the undersigned believes that the ALJ's decision is not undermined solely by a failure to rely on the opinions or assessments made by Schmidt.

b. <u>Dr. Fahira Quadir</u>

Next, Plaintiff argues that the ALJ also erred in affording only some weight to the opinions from the examining psychiatrist, Dr. Fahira Qadir, and, more specifically, in disregarding the portion of the doctor's Medical Source Statement that noted plaintiff's marked limitations for interacting appropriately with co-workers and responding to changes in a routine work setting, (Docket no. 21 at 21-23 (citing TR 41, 350).) Plaintiff argues that although the ALJ notes that Dr. Qadir did not opine plaintiff was disabled from working secondary to her condition, because the VE testified that there would be no competitive work for plaintiff when asked how a "marked" restriction to interacting with coworkers and responding appropriately to

7

usual work situations would impact the vocational base, Dr. Qadir's assessment *is indeed disabling*. (Docket no. 21 at 22.) Additionally, as noted by plaintiff, the Commissioner acknowledges that Dr. Qadir's assessment of a marked adaptive limitation would be disabling if adopted. (Docket no. 23 at 26; docket no. 25 at 10).

An ALJ is required to evaluate every medical opinion of record, and set forth a valid basis for rejecting any. 20 C.F.R. § 404.1527; *see Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir.1987). "When no treating physician opinion has been granted controlling weight ... the medical opinion of a consultative examiner is to be weighed considering all of the factors identified in 20 C.F.R. § 404.1527(c)(1) through (6)." *McKivens v. Comm'r*, 2012 WL 3263847, at *11 (E.D. Mich. Jul. 9, 2012) (citing 20 C.F.R. § 404.1527(e)(2)(iii)). The regulatory factors to be considered are: (1) length of the treatment relationship and the frequency of examination; (2) nature and extent of the treatment relationship; (3) supportability of the opinion; (4) consistency of the opinion with the record as a whole; (5) specialization of the treating source; and (6) other factors. 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6).

The Commissioner may not disregard opinions of a consulting physician which are favorable to a claimant. *See Lashley v. Sec'y*, 708 F.2d 1048, 1054 (6th Cir.1983). Moreover, "in weighing medical evidence, 'ALJs must not succumb to the temptation to play doctor and make their own independent medical findings.'" *Allen v. Comm'r of Soc. Sec.*, 2013 WL 5676254, at *15 (E.D. Mich. Sept. 13, 2013) (citing *Simpson v. Comm'r of Soc. Sec.*, 344 Fed. Appx. 181, 194 (6th Cir. 2009)). An ALJ may not substitute his [or her] own medical judgment for that of a treating or examining doctor where the opinion of that doctor is supported by the medical evidence. *See Simpson*, 344 Fed. Appx. at 194; *see also Bledsoe v. Comm'r of Social Sec.*, 2011 WL 549861, at *7 (S.D. Ohio 2011) ("An ALJ is not permitted to substitute her own

8

medical judgment for that of a treating physician and may not make her own independent medical findings."). This is so even though the final responsibility for the RFC determination is an issue reserved to the Commissioner. *Allen*, 2013 WL 5676254, at *15.

Further, an ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved," discuss "why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence," "consider and address medical source opinions," and "[i]f the RFC assessment conflicts with an opinion from a medical source, ... explain why the opinion was not adopted." SSR 96-8p.

In the case at bar, the ALJ failed to offer any explanation, as required by SSR 96-8p, as to why he discounted the medical source statement of Dr. Qadir regarding plaintiff's marked social and adaptive limitations. The ALJ justifies giving Dr. Qadir's evaluation only some weight because he was not a treating source, he evaluated plaintiff only once (noting specifically that Dr. Qadir's one-time evaluation does not paint nearly as accurate a picture of plaintiff's condition as does the longitudinal treatment history provided by Dr. Anderson[2]) and performed his evaluation before the record was complete. Nevertheless, those justifications are belied by the ALJ's conflicting conclusions that Dr. Qadir's findings, including his finding that plaintiff's symptoms will cause problems with working, are consistent with Dr. Anderson's records and the record as a whole. (TR 41.) Although the ALJ specifically refers to Dr. Qadir's finding that plaintiff "has marked limitations for interacting appropriately with co-workers and responding to changes in a routine work setting, he offers no explanation as to why he did not adopt Dr.

---

[2] Although the ALJ makes reference to Dr. Anderson throughout the decision, the undersigned's review of the record does not reveal any treatment notes, reports or other indication that plaintiff was ever examined or treated by Dr. Anderson. Ms. Schmidt, plaintiff's treating nurse practitioner who actually provided the longitudinal treatment history referenced by the ALJ, is a member of Dr. Anderson's practice, Associates in Psychiatry. (TR 283-321, 326-341, 374-393.)

9

Qadir's limitations. Without this analysis, the court is unable to determine how the ALJ fashioned the less restrictive postural limitations within the RFC. *See Berryhill v. Shalala*, 4 F.3d 993, 1993 WL 361792 (6th Cir. Sept.16, 1993) ("[A] simple but fundamental rule of administrative law ... is ... that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action.") (internal citations omitted).

The undersigned believes that the ALJ has failed to engage in the meaningful review that is necessary to show why he ignored Dr. Qadir's social and adaptive limitations. SSR 96-8p. Further, the undersigned has reviewed the citations to the record that the ALJ used to support the RFC and finds no medical evidence to support the lesser and adaptive social limitations imposed therein[3], thereby suggesting the ALJ engaged in the prohibited practice of substituting his own medical judgment for that of a treating or examining doctor. *See Simpson*, 344 Fed. Appx. at 194. For this reason, the undersigned finds that remand to properly evaluate the opinion of consulting examiner, Dr. Qadir, and to explain and discuss the reasons for ignoring or rejecting any portion of that opinion is necessary.

### 2. *Plaintiff's Remaining Arguments*

Once the consulting examiner's opinion has been re-evaluated, the ALJ will have to re-assess plaintiff's credibility and whether plaintiff's conditions meet or are equivalent to a listed impairment. As such, the undersigned will not assess plaintiff's arguments on these points now.

## VI. CONCLUSION

---

[3] To the contrary, the reports and opinions of treating nurse practitioner Schmidt, which should be considered in determining the severity of plaintiff's impairment and how it affects her ability to work, support Dr. Qadir's imposed limitations. (TR 342-345.)

For the reasons stated herein, the Court should GRANT Plaintiff's Motion for Summary Judgment (docket no. 21) and DENY Defendant's Motion for Summary Judgment (docket no. 23). It is further recommended that this matter be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for a proper assessment of the medical opinions.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: August 8, 2016         s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

11

## **PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: August 8, 2016        s/ Lisa C. Bartlett
                                        Case Manager